FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2016 JUL 18 A 10: 57

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| SERVPRO INTELLECTUAL PROPERTY, INC. | )<br>)<br>) |
| and | ) |
| SERVPRO INDUSTRIES, INC. | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil No. 1:16CV912<br>) Judge LMB<br>) Magistrate Judge JFA |
| CHARMAY, INC., d/b/a SERVICEMASTER NATIONAL CAPITAL RESTORATION | )<br>)<br>) JURY TRIAL DEMANDED |
| and | )<br>) |
| JANE GANDEE | )<br>) |
| Defendants. | ) |

## COMPLAINT

Servpro Intellectual Property, Inc. and Servpro Industries, Inc. (collectively "Servpro") file this complaint for trademark infringement and unfair competition against Charmay, Inc., d/b/a ServiceMaster National Capital Restoration and Jane Gandee (collectively, "Defendants") and state as follows:

### PARTIES

1. Servpro Intellectual Property, Inc. and Servpro Industries, Inc. both have their principal place of business at 801 Industrial Boulevard, Gallatin, Tennessee 37066.

2. Upon information and belief, Charmay, Inc. is a corporation organized under the laws of the Commonwealth of Virginia.

3. Upon information and belief, Charmay, Inc.'s principal place of business is 7551 Fordson Road, Alexandria, VA 22306.

4. Upon information and belief, Jane Gandee is the President, Chief Executive Officer, and principle owner of Charmay, Inc.

5. Upon information and belief, Jane Gandee is a Virginia resident, residing at 5920 Hallowing Drive, Lorton, VA 22079.

## BACKGROUND

6. In business since 1967, Servpro Industries, Inc. is one of the world's largest providers of cleanup and restoration products and services.

7. Servpro Industries, Inc. has more than 1,500 franchisees operating nationwide.

8. Since 1967, Servpro Industries, Inc. and its franchisees have delivered goods and services under the "SERVPRO" mark to customers.

9. The services offered by Servpro or its franchises include residential and commercial cleaning, water damage restoration, fire damage restoration, mold remediation, storm damage restoration, commercial water damage restoration, commercial fire damage restoration, and commercial storm and major event restoration.

10. Servpro Industries, Inc. and its franchisees have spent millions of dollars in promoting the "SERVPRO" trademark and consumers have purchased billions of dollars of "SERVPRO" goods and services.

11. Servpro Intellectual Property, Inc. is the owner of many trademarks and trademark registrations for "SERVPRO" variants and derivatives (hereinafter "SERVPRO TRADEMARKS"), more specifically:

a. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,845,906 (Exhibit 1 hereto) in connection with "carpet, furniture and drapery cleaning services, services for the restoration of structures and/or contents damaged by fire, water and other catastrophes both indoors and outdoors" for the trademark "SERVPRO";

b. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 3,361,893 (Exhibit 2 hereto) in connection with "mold remediation services" for the trademark "SERVPRO";

c. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,707,245 (Exhibit 3 hereto) in connection with "cleaning, painting and repairing services in homes, offices and other buildings" for the following mark:



d. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,726,156 (Exhibit 4 hereto) in connection with "franchising services; namely, offering assistance in the establishment and/or operation of businesses dealing with cleaning and damage restoration to structures and/or contents" for the following mark:



e. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,804,022 (Exhibit 5 hereto) in connection with various cleaning products and equipment for the following mark:



12. Servpro Industries, Inc. is the exclusive licensee of the SERVPRO TRADEMARKS and has extensively used the SERVPRO TRADEMARKS nationally.

13. Servpro Industries, Inc. and its franchisees have expended millions of dollars promoting the SERVPRO TRADEMARKS.

14. Servpro Industries, Inc. and its franchisees have provided billions of dollars' worth of goods and services under the SERVPRO TRADEMARKS.

15. As a result of this extensive use and promotion of the SERVPRO TRADEMARKS, Servpro has developed significant and extensive good will in the SERVPRO TRADEMARKS nationally.

16. As a result, the SERVPRO TRADEMARKS are strong and famous throughout the United States.

17. The SERVPRO TRADEMARKS are well known.

18. Servpro Industries, Inc. and its franchisees offer water, fire, and smoke damage restoration and mold remediation services.

19. Defendants' website located at http://www.servicemaster-ncr.com states that Defendants offer water damage restoration and mold remediation services (Exhibit 6 hereto).

20. Defendants have purchased Google ad words including "servpro".

21. Defendants have engaged in dynamic word insertion such that "SERVPRO" is displayed to consumers performing a search on the Google search engine (Exhibit 7 hereto) as follows:



22. Consumers see a display of a result listing "SERVPRO".

23. Defendants' use of SERVPRO is not authorized by Servpro.

24. Defendants' use of SERVPRO is neither fair use nor in good faith.

## JURISDICTION AND VENUE

25. Subject matter jurisdiction for the trademark infringement and unfair competition claims exists with respect to the claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

26. Venue is proper in this Court in accordance with 28 U.S.C. § 1391.

## PERSONAL JURISDICTION

27. The Court has personal jurisdiction over Defendants because Defendants engage in business in Virginia and are located in Virginia.

28. Further, the acts complained of herein occurred in Virginia.

29. Similarly, the exercise of personal jurisdiction over Defendants comports with due process requirements of the United States Constitution because: (a) Defendants have purposefully established "minimum contacts" with the Commonwealth of Virginia, and (b) the exercise of personal jurisdiction over Defendants will not offend the traditional notions of fair play and substantial justice. Therefore, this Court has specific and general jurisdiction over Defendants.

## CAUSES OF ACTION

### Count I - Trademark Infringement

30. Servpro realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

31. By displaying "Servpro" in search results, Defendants are using the SERVPRO TRADEMARKS in a manner likely to create confusion among the consuming public as to source, origin, sponsorship, and/or affiliation.

32. As Charmay, Inc. is a business entity, its actions, including those of using the SERVPRO TRADEMARKS, are controlled by Jane Gandee serving as active agent.

33. Defendants' conduct relating to the use of the SERVPRO TRADEMARKS is without the permission of Servpro.

34. Defendants are thus in violation of 15 U.S.C. § 1114 regarding the SERVPRO TRADEMARKS and of 15 U.S.C. § 1125(a) regarding all of Servpro's Trademarks.

35. Such acts by Defendants cause Servpro irreparable harm as to which Servpro is entitled to a temporary restraining order, preliminary injunction, and permanent injunction under 15 U.S.C. § 1116.

36. Such acts further cause harm to Servpro as to which Servpro is entitled to recover actual damages as well as the costs of any necessary corrective advertising.

37. Given that Defendants' conduct is willful, Servpro is entitled to an accounting of profits, attorneys' fees, and multiplied damages.

### *Count II - Unfair Competition*

38. SERVPRO realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

39. Defendants have no right to use the SERVPRO TRADEMARKS in connection with their goods or services, yet Defendants have passed off their services to the public as if they are the goods or services of Servpro.

40. Defendants have acted with an intent to deceive the public as to the source of their goods and services, and the public has, in fact, been confused or deceived as to the true source of Defendants' goods and services and their rights and authority regarding the SERVPRO TRADEMARKS.

41. Defendants' unlawful usurpation of Servpro's rights and property constitutes unfair competition under the common law of Virginia.

**WHEREFORE**, Servpro respectfully prays that this Court grant the following relief:

A. That the Court enter injunctive relief, ordering that Defendants, as well as their officers, agents, servants, employees, attorneys and all others in active concert or participation with them, are enjoined and restrained from:

1. Engaging in any conduct that infringes the SERVPRO TRADEMARKS;

2. Offering any goods or services using any mark containing the SERVPRO TRADEMARKS;

3. Offering any goods or services using any mark containing Servpro;

4. Engaging in any advertising that tends in a false or misleading manner to associate the Defendant's goods or services with Servpro or with Servpro's goods or services;

5. Using "SERVPRO," "Servpro" or any derivations thereof in Google ad words or as metadata;

6. Engaging in any advertising that tends to adversely affect the public's perception of Servpro or Servpro's goods or services.

B. That the Court enter preliminary and permanent injunctive relief ordering Defendant, in accordance with 15 U.S.C. § 1116, to file a verified report with this Court within thirty (30) days of the Court's entry of the order for injunctive relief, specifying in detail the manner and form in which Defendant has complied with the injunction and order of this Court.

C. That the Court award Servpro damages, an accounting of profits, and attorneys' fees and costs;

D. That the Court award Servpro multiplied damages because of Defendants' willful wrongful conduct;

E. A trial by jury as to all issues; and

F. That the Court award such further relief as is merited under law and equity.

> Respectfully submitted,
> SERVPRO INTELECTUAL PROPERTY, INC.
> and SERVPRO INDUSTRIES, INC.
> *By Counsel*

_____
Jason C. Greaves, Esq., VSB No. 86164
DYCIO & BIGGS
10533 Main Street
Fairfax, Virginia 22030
P: 703-383-0100
F: 703-383-0101
*Local Counsel for Plaintiffs*

OF COUNSEL:

Edward D. Lanquist, Jr. (BPR 13303)
Seth R. Ogden (BPR 34377)
Patterson Intellectual Property Law, P.C.
Suite 500, Roundabout Plaza
1600 Division Street
Nashville TN 37203
(615) 242-2400
edl@iplawgroup.com
sro@iplawgroup.com